1   JOSEPH P. RUSSONIELLO (SBN 44332)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   JULIE A. ARBUCKLE (SBN 193425)
    Assistant United States Attorney
4       450 Golden Gate Avenue, Ninth Floor
        San Francisco, California 94102
5       Telephone:      (415) 436-7102
        Facsimile:       (415) 436-6748
6       Email: julie.arbuckle@usdoj.gov

7   Attorneys for Federal Defendant

8                       UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

| | |
|---|---|
| SARI ISSA NATOUR, | No. C 07-3764 JSW |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; |
| v. | DECLARATIONS OF MARISSA J. SUAREZ AND JULIE A. ARBUCKLE |
| U.S. DEPARTMENT OF AGRICULTURE, | [Fed. Rules of Civ. Proc. 4(m), 12(b)(4), 12(b)(5), and 12(b)(6)] |
| Defendant. | Date: April 4, 2008 |
| | Time: 9:00 a.m. |
| | Ctrm: 2, 17th Floor |

18

19                          **NOTICE OF MOTION**

20   TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

21       PLEASE TAKE NOTICE that on April 4, 2008 at 9:00 a.m., or as soon thereafter as the

22   matter may be heard in the above-entitled Court, before the Honorable Jeffrey S. White, United

23   States District Judge, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco,

24   California 94102, Defendant U.S. Department of Agriculture ("USDA") will and hereby does

25   move the court for an order dismissing this action pursuant to Federal Rules of Civil Procedure

26   12(b)(4), 12(b)(5) and 12(b)(6) on the grounds that: (1) Plaintiff Sari Issa Natour ("Plaintiff")

27   failed to serve the Government within 120 days of filing his Complaint as Federal Rule of Civil

28   Procedure 4(m) requires; and (2) the United States, not the USDA, is the only proper defendant

1  under the Food Stamp Act (7 U.S.C. §2023) in this action appealing the USDA's final agency

2  decision disqualifying Plaintiff from participating in the Food Stamp Program. The USDA

3  requests that the dismissal for failure to comply with Rule 4(m) be without prejudice, and that the

4  dismissal of the USDA as an improper defendant be with prejudice.

5      The motion will be based on this Notice of Motion and Motion, the attached Memorandum of

6  Points and Authorities, the attached Declarations of Julie A. Arbuckle and Marissa J. Suarez, the

7  exhibits attached thereto, and the pleadings and papers filed with the Court in this action.

8                    **MEMORANDUM OF POINTS AND AUTHORITIES**

9                              I. INTRODUCTION

10     The USDA requests dismissal of Plaintiff's Complaint on two separate and independent

11  grounds. First, Plaintiff failed to effectuate service on either the U.S. Attorney's Office, the U.S.

12  Attorney General, or the Secretary for the USDA within the 120 deadline that Federal Rule of

13  Civil Procedure 4 mandates. Given that Plaintiff cannot satisfy his burden of proving that he

14  missed this deadline for good cause, and has no excuse other than his counsel's inadvertence or

15  mistake, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil

16  Procedure 4(m).

17     Second, Plaintiff has only named the USDA as a defendant in this action, but the United

18  States is the only proper defendant in a claim filed in district court under the Food Stamp Act. 7

19  U.S.C. §2023(a)(13). Thus, Plaintiff has not and cannot state a claim against the USDA and his

20  claims against the USDA should be dismissed with prejudice.

21                           II. STATEMENT OF FACTS

22     Plaintiff filed his Complaint on July 23, 2007, and made no attempt to serve the Government

23  before the Initial Case Management Conference on October 26, 2007. (Complaint, Exh. A to

24  Arbuckle Dec.) At the Initial Case Management Conference, Plaintiff's counsel, Orestes Cross,

25  entered his appearance for Plaintiff, and appears to have represented that the Government was

26  served. (10/26/07 Minute Order, Exh. B to Arbuckle Decl.) Then, on November 1, 2007, a

27  process server delivered a copy of the Complaint to the home address of USDA Administrative

28  Review Officer, Richard Havnen, in Bakersfield, California, still making no attempt to serve the

MOTION TO DISMISS
C 07-3764 JSW                          -2-

1 U.S. Attorney's Office, the Attorney General, or the Secretary of the USDA as Federal Rule of

2 Civil Procedure 4(i) requires.  (Return of Service, Exh. C to Arbuckle Decl.; Suarez Dec. ¶¶2-3).

3 On November 20, 2007, the 120 day deadline for Plaintiff to effectuate service on the

4 Government expired – about a month after Plaintiff's counsel appeared in this case.  On

5 December 14, 2007, a process server delivered a copy of the Summons and Complaint to the

6 U.S. Attorney's Office. (Return of Service, Exh. D to Arbuckle Decl.)  To this date, Plaintiff has

7 not filed any Return of Service on the Attorney General or the Secretary of the USDA, and the

8 USDA has determined it was not served with Plaintiff's Summons and Complaint until

9 December 28, 2007.  (Suarez Decl. ¶2).

10                                 III. LEGAL ANALYSIS

11   A.  The Legal Standards for Rule 12(b) Motions to Dismiss.

12       Before filing an Answer, the defendant may move to dismiss the Complaint for any of the

13 applicable bases set forth in Federal Rule of Civil Procedure 12(b). Here, the USDA moves to

14 dismiss for insufficiency of service of process under 12(b)(4 and 5).  Where the validity of

15 service is contested by a Rule 12 motion, the burden is on the plaintiff to establish the validity of

16 service.  Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985); Grand Entertainment

17 Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

18       The USDA also moves to dismiss under Rule 12(b)(6) for failure to state a claim against the

19 USDA given that the United States, not the USDA, is the only proper defendant under the Food

20 Stamp Act (7 U.S.C. §2023) in this action appealing the USDA's final agency decision

21 disqualifying Plaintiff from participating in the Food Stamp Program.  The law is well-settled

22 that a court should grant a Rule 12(b)(6) motion and dismiss the complaint where there is either a

23 "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable

24 legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

25   B.  Plaintiff Failed to Serve the Government Within the Required Time Period.

26       Service of process of a complaint against the United States government, or an Agency of the

27 United States government, is controlled by Federal Rule of Civil Procedure 4(i), which requires

28 specific, simultaneous acts of service upon the concerned Agency head, the United States

1  Attorney General's office in Washington, D.C., and the local United States Attorney's Office.

2  Whale v. United States, 792 F.2d 951, 953-54 (9th Cir. 1986) (affirming dismissal, holding

3  counsel's belief that service on local U.S. Attorney's Office was sufficient inadequate to show

4  good cause or justifiable excuse; Rule 4's requirements must be followed).

5  Federal Rule of Civil Procedure 4(i) provides in relevant part:

6  **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
   (1) *United States.* To serve the United States, a party must:

7  (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for
   the district where the action is brought--or to an assistant United States attorney or clerical

8  employee whom the United States attorney designates in a writing filed with the court clerk--or
        (ii) send a copy of each by registered or certified mail to the civil-process clerk at the

9  United States attorney's office;
   (B) send a copy of each by registered or certified mail to the Attorney General of the United

10  States at Washington, D.C.; and
   (C) if the action challenges an order of a nonparty agency or officer of the United States, send

11  a copy of each by registered or certified mail to the agency or officer.
   (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a

12  United States agency or corporation, or a United States officer or employee sued only in an
   official capacity, a party must serve the United States and also send a copy of the summons

13  and of the complaint by registered or certified mail to the agency, corporation, officer, or
   employee.[1]

14

15  Id. (underlining added). Federal Rule of Civil Procedure 4(m) further provides that if a plaintiff

16  fails to serve a defendant with the Summons and Complaint "within 120 days after the complaint

17  is filed, the court – on motion . . . – must dismiss the action without prejudice against that

18  defendant or order that service be made within a specified time. But if the plaintiff shows good

19  cause for the failure, the court must extend the time for service for an appropriate period."

20  Under Rule 4(m), if service of the complaint and summons is not made within 120 days after

21  filing the complaint, a motion to dismiss lies against the complaint. In enacting Rule 4(m),

22  "Congress balanced the possible loss of a litigant's federal cause of action against the need to

23  encourage diligent prosecution of lawsuits." Townsel v. County of Contra Costa, 820 F.2d 319,

24  321 (9th Cir. 1987). "The rule is intended to force parties and their attorneys to be diligent in

25  prosecuting their causes of action." Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).

26
27  [1] The Food Stamp Act similarly provides that copies of summons and complaints
   appealing the USDA's final agency decision to district court "shall be sent to the Secretary [of
28  the USDA] or such person or persons as the Secretary may designate to receive service of
   process." 7 U.S.C. §2023(a)(14).

MOTION TO DISMISS
C 07-3764 JSW                    -4-

1    Plaintiff's counsel's ignorance or misunderstanding of Rule 4 does not constitute good cause

2 for timely service. Townsel at 319 ("To hold that complete ignorance of Rule 4(j) [now 4(m)]

3 constitutes good cause for untimely service would allow the good cause exception to swallow the

4 rule."); Whale v. United States, 792 F.2d 951, 953-54 (9th Cir. 1986) ("Whale's counsel's belief

5 that service on the U.S. Attorney by certified mail satisfied the requirements of Rule 4 does not

6 constitute justifiable excuse.") Neither does a plaintiff's counsel's inadvertence. Wei v. State of

7 Hawaii, 763 F.2d at 372 ("Counsel always could aver that he or she inadvertently forgot about

8 the 120 day limit.")  The rules of service must be followed, regardless of whether the defendant

9 had actual notice, and of whether the statute of limitations will bar plaintiff's claim if it is

10 dismissed without prejudice for failure to timely effectuate proper service. Guerrero v. Baca, 154

11 Fed.Appx. 601 (9th Cir. 2005)("Because the district court's discretion is broad, and we do not

12 require a specific test that a court must apply in exercising its discretion under Rule 4(m), we

13 cannot conclude that the district court abused its discretion even though the effect of the

14 dismissal was to bar Guerrero's claim.") (citations and quotations omitted); Wei at 372

15 (dismissing plaintiff's claim pursuant to Rule 4 although it will be time-barred, reasoning "Wei

16 may be harmed by his attorney's neglect, but litigants are bound by the conduct of their attorneys,

17 absent egregious circumstances which are not present here."); Tuke v. United States, 76 F.3d

18 155, 156 (7th Cir. 1996) (actual notice to a defendant is insufficient).

19    In this case, Plaintiff filed his Complaint on July 23, 2007, and made no attempt to serve the

20 Government before the Initial Case Management Conference on October 26, 2007. (Complaint,

21 Exh. A to Arbuckle Dec.)  At the Initial Case Management Conference, Plaintiff's counsel,

22 Orestes Cross, entered his appearance for Plaintiff, and appears to have represented that the

23 Government was served.  (10/26/07 Minute Order, Exh. B to Arbuckle Decl.)  Then, on

24 November 1, 2007, a process server delivered a copy of the Complaint to the home address of

25 USDA Administrative Review Officer, Richard Havnen, in Bakersfield, California, still making

26 no attempt to serve the U.S. Attorney's Office, the Attorney General, or the Secretary of the

27 USDA as Federal Rule of Civil Procedure 4(i) requires. (Return of Service, Exh. C to Arbuckle

28 Decl.; Suarez Dec. ¶¶2-3). On November 20, 2007, the 120 day deadline for Plaintiff to

effectuate service on the Government expired – about a month after Plaintiff's counsel appeared in this case. On December 14, 2007, a process server delivered a copy of the Summons and Complaint to the U.S. Attorney's Office. (Return of Service, Exh. D to Arbuckle Decl.) To this date, Plaintiff has not filed any Return of Service on the Attorney General or the Secretary of the USDA, and the USDA has determined it was not served with Plaintiff's Summons and Complaint until December 28, 2007. (Suarez Decl. ¶2).

In sum, because Plaintiff failed to serve his Summons and Complaint on the Government as Rule 4 requires, the Complaint should be dismissed without prejudice.

C. The United States Is the Only Proper Defendant In this Action Under the Food Stamp Act.

The USDA also moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim against the USDA given that the United States, not the USDA, is the only proper defendant under the Food Stamp Act in this action appealing the USDA's final agency decision disqualifying Plaintiff from participating in the Food Stamp Program. Section 2023 of the Food Stamp Act specifically provides that the type of claim Plaintiff asserts here may be filed "against the United States in the United States court for the district in which [Plaintiff] is engaged in business." 7 U.S.C. §2023(a)(13). Thus, the reason Plaintiff fails to allege any waiver of sovereign immunity allowing him to state a claim against the USDA is because there is none. The United States is the only proper defendant in this case. Plaintiff's Complaint against the USDA should be dismissed for this reason also.

## IV. CONCLUSION

For the above reasons, the USDA respectfully requests that the Court dismiss Plaintiff's Complaint without prejudice for failure to comply with Rule 4(m), and dismiss the USDA with prejudice as it is an improper defendant.

DATED: February 12, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

JULIE A. ARBUCKLE
Assistant United States Attorney

## DECLARATION OF MARISSA J. SUAREZ

I, Marissa J. Suarez, do hereby declare as follows:

1.      I am an attorney at the U.S. Department of Agriculture's ("USDA") Office of the General Counsel in San Francisco, California. I have personal knowledge of the following facts and could competently testify regarding these facts if called to do so.

2.      One of my job duties as a USDA attorney is to assist the U.S. Attorney's Office in defending actions filed in federal district court under the Food Stamp Act, which often entails determining if and when the Secretary of USDA was served with such an action as Federal Rule of Civil Procedure 4 and the Food Stamp Act require. In this capacity, I have caused a diligent search to be done of the USDA's service records, and determined that Plaintiff Sari Issa Natour did not serve the USDA with the Summons and Complaint he filed in this action until December 28, 2007.

3.      Richard Havnen is a USDA Administrative Review Officer who resides at 11000 Truchard Court, Bakersfield, California. He has no authority to accept service of lawsuits filed in district court on behalf of the USDA.

I declare under penalty of perjury that the above is true and correct.

Executed this 8th day of February, 2008.

Marissa J. Suarez

MOTION TO DISMISS
C 07-3764 JSW                                          -1-

## DECLARATION OF JULIE A. ARBUCKLE

I, Julie A. Arbuckle, declare as follows:

1.      I am employed as an Assistant United States Attorney for the Northern District of California, and have been assigned to represent Defendant U.S. Department of Agriculture in the above-captioned case. I have personal knowledge of the following facts and could competently testify regarding these facts if called to do so.

2.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Complaint in this action, which indicates it was filed on July 23, 2007.

3.      Attached hereto as Exhibit B is the Minute Order from the Initial Case Management Conference held in this case, which I printed from the Court's online docket.

4.      Attached hereto as Exhibit C is the Return of Service I printed from the Court's online docket, which evidences that on November 1, 2007, a process server delivered a copy of the Complaint to the home address of USDA Administrative Review Officer, Richard Havnen, in Bakersfield, California.

5.      On December 14, 2007, a process server delivered a copy of the Summons and Complaint to the U.S. Attorney's Office. A true and correct copy of the Return of Service that I printed from the Court's online docket is attached hereto as Exhibit D. To this date, Plaintiff has not filed any Return of Service on the Attorney General or the Secretary of the USDA.

I declare under penalty of perjury that the foregoing is true and correct on this 11th day of February, 2008 in San Francisco, California.

Julie A. Arbuckle

MOTION TO DISMISS
C 07-3764 JSW                          -1-

Exhibit A

ORIGINAL
FILED

JUL 2 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name and Address Sari Natour, Tim's Grocery

667 Fillmore Street

San Francisco, CA, 94117

Phone # 415-552 6830
* 415-8100 26

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 07 3764

Case No.

Sari Issa Natour
_____
Plaintiff/Petitioner

Document Name:

JSW

vs. United States,
Department of Agriculture,
Food & Nutrition Service
_____
Defendant/Respondent

Complaint for judicial
Review of USDA Administrative
proceeding Case # C0116361

1.    Jurisdiction. This court has jurisdiction over this complaint because it arises under the laws of the United States.

2.    Venue. Venue is appropriate in this court because all of the acts and omissions giving rise to this lawsuit occured in this district, and it's convenient for the defendant. Also it will be convenient for the Plaintiff or the one who represents to ask for witnesses who all live in this area

3.     Intradistrict Assignment. This lawsuit should be assigned to the San Francisco Division of this Court because most of the events or omissions which give rise to this lawsuit occurred in San Francisco County.

4.     Plaintiff Sari Issa Natour, he is the owner of the Tim's Grocery which is located in San Francisco city.

5.     I am responding to the aforementioned notice received were Tim's Grocery shall be permanently disqualified from the Food Stamp Program. The issues relating to our disqualification stems from a letter dated March 19, 2007 (copy enclosed) in which four attachments are enclosed revealing EBT transactions that establish a clear and repetitive pattern of unusual, irregular, and /or inexplicable FSP activity for our type of business.

6.     I have been the owner of Tim's Grocery for the last 10 years, and in that

time I have not have had any violations with the Food Stamp program or problems with any state or local government agency relating to the operations of my business.

7.      United States Department of Agriculture has build up its evidences on some transactions that they suspected which represent a very small percentage of sales, and is not indicative of our overall Food Stamp Sales, However it just represent a small amount of the store's Food Stamp sale I would like to address the attachments that had received on March 19/07

8.      Attachment 1 from the USDA states " In a series of Food Stamp EBT transactions multiple withdrawals were made from the accounts of one or more Food Stamp customers within unusually short time Frames". I do have two employees assisting customers at different time throughout the day, which means we can assist multiple customers at the same time after processing one customer's EBT card we process the next customers card when the first transaction is completed.

9.    The transactions which show the same account numbers being used within a close period of time can be explained by customers asking for different transactions for different grocery items.

10.    Attachment 2 from the USDA states "In a series of Food Stamp EBT transactions, multiple withdrawals were made from a single Food Stamp customer's account within usually short time Frames" The explanation of exhibit 2 was already addressed in exhibit 1

11.    Attachment 3 from the USDA states " Your firm completed EBT transactions for high number of customers who depleted the majority or all of their monthly Food Stamp benefits at your store" We are very friendly, competitively priced and quite frankly there are not a lot of options for our patron, with respect to other stores accepting food stamps in our immediate area. We appreciate our customers patronage and do not see what the issue

is with customers shopping at our grocery store with the use of the EBT card and expending the cards value only at our location. Also, sometimes what occurs as shown on the attachment is, customers will make an initial purchase then after seeing the balance remaining on their card they will make another purchase depleting the remaining amount left on their card.

12.     Attachment 4 from the USDA States "In a series of Food Stamp EBT transactions excessively large withdrawals were made from the accounts of the food stamp customers at your store." The attachment does not appear to contain transactions that appear out of the ordinary. I have no control over the purchasing habits of my customers and believe that there is nothing irregular regarding those transactions.

13.     There are three low income housing projects near my business which rely on me to provide groceries to their families as we provide

reasonable and competitive prices. The neighbor hood relies on my business for their daily grocery items and it would be a disservice to my customers if I was to lose my ability to accept food stamps. It would cause most of our customers undo hardship if I was to lose the ability of accepting food stamps, as most of our food stamp customers do not have automobiles or the ability to travel to other grocery stores.

14. To support my claims, I'll get statement of oath from the customers, that they used their food stamp cards just for the nontaxable products, and ask for witnesses if necessary.

15. I would like to ask for reauthorization for EBT system to my store to keep helping the Food Stamp holders in my neighborhood and else where according to the law of United States Department of Agriculture as I've been doing for the last ten years.

07.18.07                    Sari Natour

Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTE ORDER

**JUDGE: JEFFREY S. WHITE**          **COURTROOM DEPUTY**: Jennifer Ottolini

**DATE**: October 26, 2007          **Court Reporter**: Jim Yeomans


**CASE NO. C-07-3764  JSW**

**TITLE:** Sari Issa Natour  v.  United States Department of Agriculture, et al.,


**COUNSEL FOR PLAINTIFF:**          **COUNSEL FOR DEFENDANT:**

Orestes Cross                       No appearance by or for defendant


**PROCEEDINGS:**  Initial Case Management Conference


**RESULTS:**     The defendant has been served as of this date.

             **Further CMC:  1-4-08 at 1:30 p.m.**
             **Joint CMC Statement due:  12-28-07**

Exhibit C

CASE NAME   NATOUR V. U.S. DEPT OF AGRICULTURE

CASE NUMBER   C 07-03764JSW

AO 88 (Rev. 1/90) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and Complaint* was made by me¹ | DATE | 11/1/2007 4:23 PM |
| NAME OF SERVER (PRINT)   Vincent J. Staley | TITLE   PROCESS SERVER 311/Kern County | |

Check one box below to indicate appropriate method of service

DEFENDANT:   U.S. DEPT. OF AGRICULTURE, FOOD AND NUTRITION SERVICE BY SERVING
RICHARD HABENEN, ADMINISTRATIVE REVIEW OFFICER

[X] Served personally upon the defendant. Place where served:
11000 TRUCHARD CT, BAKERSFIELD, CA 93312

[ ] Left copies thereof at the defendant's 's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left

[ ] Returned unexecuted:

[ ] Other (specify) :

| STATEMENT OF SERVICE FEES | | | |
|---|---|---|---|
| TRAVEL | SERVICES   $55.00 | TOTAL   $55.00 | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    11/1/2007
                DATE

                SIGNATURE OF SERVER

B.L.P.S./ BAKERSFIELD LEGAL PROCESS SERVICE
3840 Stockdale Highway, Suite 101- 04
Bakersfield, CA 93309
Phone- (661) 631-4500

37117

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

NORTHERN                 District of                 CALIFORNIA

SARI ISSA NATOUR

**SUMMONS IN A CIVIL ACTION**

V.

U.S. DEPT. OF AGRICULTURE

CASE NUMBER:   C 07-03764 JSW

TO: (Name and address of Defendant)

RICHARD J. HAVEN, ADMINISTRATION REVIEW OFFICER
C/O ACTING SECRETARY CHARLES CONNER
U.S. DEPT. OF AGRICULTURE, FOOD AND NUTRITION SERVICE
11000 TRUCHARD COURT
BAKERSFIELD, CA 93312-6723

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MR. ORESTES CROSS, ATTORNEY AT LAW
C/O WALSTON LEGAL GROUP
222 COLUMBUS ST., SUITE 408
SAN FRANCISCO, CA 94133

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

OCT 31 2007

CLERK                                                        DATE

HILARY JACKSON

(BY) DEPUTY CLERK

Exhibit D

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12-14-07 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| PAUL CABALLERO | INVESTIGATOR |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☒ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

DANIELACKEY
US. DA's OFFICE
450 GOLDENGATE AVE
9TH FLOOR
SAN FRANCISCO CA
94102
4:13PM

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   12-14-07
                 Date

Signature of Server

222 COLUMBUS AVE
3RD FLOOR #320
SAN FRANCISCO CA 94113
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **NORTHERN** | District of | **CALIFORNIA** |

SARI ISSA NATOUR

**SUMMONS IN A CIVIL ACTION**

V.

U.S. DEPT. OF AGRICULTURE

CASE NUMBER:   C 07-03764 JSW

TO: (Name and address of Defendant)

Mr. Scott Schools
United States Attorney's Office
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mr. Orestes Cross
C/O Walston Legal Group
222 Columbus Street, Ste. 320
San Francisco, CA 94133

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**RICHARD W. WIEKING**                     DEC 1 4 2007

| | |
|---|---|
| CLERK | DATE |

HILARY JACKSON

(By) DEPUTY CLERK